IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHEVRON PUERTO RICO LLC,<br><br>Plaintiff<br><br>v.<br><br>GUILLERMO BOLAÑOS ÁVILA and LUZ RÍOS de BOLAÑOS, his wife and conjugal partnership composed by them,<br><br>Defendants | CIVIL 07-1955 (JAG) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 10, 2007, Chevron Puerto Rico LLC, previously known as TEXACO PR, LLC and TEXACO PUERTO RICO , INC. filed this action against the defendants, independent retailers who then operated a service station located at Road 133, km. 0.8, corner of Las Americas Avenue, Constancia Development, Ponce, Puerto Rico.  Plaintiff seeks a declaration that its termination of the lease agreement and supply agreement between the parties was valid, as well as the notification of said termination, under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq.  Once the validity of the termination is declared, plaintiff also seeks to obtain possession of the real property subject of the eviction cause of action, as well as collection of moneys due and owing to it as a result of a breach of contract by the defendants.

CIVIL 07-1955 (JAG)                             2

The court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and also pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

Defendants were served with summons and copy of the complaint on February 5, 2008. (Docket No. 3.) Upon the failure of defendants to file an answer to the complaint or otherwise plead, plaintiff requested that default be entered against the defendants on June 13, 2008. (Docket No. 5.) Injunctive relief was also sought. On June 17, 2008, the Clerk entered default against the defendants. (Docket No. 7.)

On June 18, 2008, the matter was referred to me and a hearing on damages was held this morning.

José Pesquera of San Juan testified that he has worked for plaintiff for twelve years and is a retail business consultant. The service station located at Constancia is on the route within his responsibilities. Plaintiff owns the service station and there exists a lease agreement with Chevron (Exhibit 1) which sets up the terms for payment of the rent. There is also a supply agreement (Exhibit 2) signed with the Bolaños and Chevron which outlines the yearly requirement of gasoline and fuel to be purchased from Chevron. Mr. Pesquera also made reference to a notice of debt given to the Bolaños, (Exhibit 3), as well as a letter demanding payment dated April 25, 2007, (Exhibit 4), also referred to as a

CIVIL 07-1955 (JAG)                         3

certification of debt.  The Bolaños have made no payment on the debt and Luz Ríos returned the keys of the service station at Constancia to Chevron in March 2008.

Milton Delgado, the credit manager at Chevron's Credit Department, monitors debt for the company.  He has worked for Chevron for three years, and manages credit lines, reviews credit limits and statements, and notifies marketing of past due amounts.  In relation to the Constancia property, he noted that the defendants owe Chevron $131,019.00. (See Exhibit 4.)  This includes $39,180 for fuel deliveries, and $91,839 for rent until January 31, 2008.  The Bolaños have made no payments.

The plaintiff has established through competent evidence that actual damages are appropriate as a result of defendants' failure to pay for rent and other items.  I adopt by reference the factual allegations in the complaint, especially those contained in paragraphs one through thirty-four.  The evidence also establishes that plaintiff is entitled to repossess its facility located in the Constancia development.

In view of the above, it is recommended that the court enter the following judgment.

It is hereby ORDERED and ADJUDGED as follows:

CIVIL 07-1955 (JAG)                              4

1. This court has personal jurisdiction over the parties and the subject matter herein.

2. The default entered by the United States District Court of Puerto Rico against the defendants Guillermo Bolaños Ávila, Luz Ríos de Bolaños, his wife, and conjugal partnership composed by them is reaffirmed and plaintiff will recover the amount of $131,019, plus legal interest from the date of the breach of the service and rental agreements.

3. The Notice of Termination was properly given pursuant to the requirements of the Petroleum Marketing Practices Act.

4. Eviction of defendants and any other possessor from the Constancia service station is hereby ordered.

5. Costs and attorney's fees are also awarded.

Because defendants are defaulted, the court is invited to adopt this report and recommendation as unopposed and enter judgment accordingly.

Given this 8th day of July 2008.

                                        S/ JUSTO ARENAS
                                 Chief United States Magistrate Judge